**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDREW ROBERT MCLELLAN,

      *Plaintiff*,

    v.

NAVY FEDERAL CREDIT UNION,
*et al.*,

      *Defendants*.

Civil Action No. 25 - 1960 (LLA)

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Robert McLellan, proceeding pro se in his capacity as the executor of the Estate of Andrew Robert McLellan, brings this action against the Navy Federal Credit Union ("NFCU"), the Federal National Mortgage Association ("Fannie Mae"), and the U.S. Department of Treasury, relating to two NFCU-issued mortgages on property owned by the Estate.  ECF No. 1. Pending before the court are NFCU's motion to dismiss, ECF No. 15; Fannie Mae's motion to dismiss, ECF No. 19; the Treasury Department's motion to dismiss, ECF No. 28; and Mr. McLellan's motion for a preliminary injunction and stay, ECF No. 26.  For the reasons explained below, the court will dismiss Mr. McLellan's complaint without prejudice under Federal Rule of Civil Procedure 8 but grant him leave to file an amended complaint, and it will deny the outstanding motions.

### I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations from Mr. McLellan's complaint, ECF No. 1, are accepted as true for the purpose of evaluating the motions before the court, *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1250 (D.C. Cir. 2005).  The court also takes judicial notice

of public records of other proceedings. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

Mr. McLellan is the executor or authorized representative of the Estate of Robert Andrew McLellan, which owns a residential property located in Malvern, Pennsylvania. ECF No. 1, at 1; ECF No. 1-1, at 1; *see* ECF No. 15-2, at 1. In 2018 and 2019, NFCU issued two mortgages to Mr. McLellan, a $2 million purchase money mortgage and an open-end mortgage not to exceed $400,000, both secured by the Pennsylvania property. ECF No. 1-2, at 3-22, 25-41; *see* ECF No. 15-2, at 1.[1] In 2023, the Court of Common Pleas for Chester County, Pennsylvania entered a $2.2 million foreclosure judgment in NFCU's favor against Mr. McLellan. ECF No. 1-2, at 73. Mr. McLellan filed a Chapter 13 bankruptcy petition in June 2024 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. ECF No. 15-2, at 1. The bankruptcy court dismissed the petition, and the U.S. District Court for the Eastern District of Pennsylvania affirmed the dismissal in May 2025. *Id.* at 4.[2]

Mr. McLellan filed this action in June 2025, alleging that NFCU engaged in "acts of commercial trespass, securities fraud, fraudulent conveyance, constructive fraud, unlawful conversion, mail fraud, racketeering, deprivation of rights under color of law, and misappropriation of trust res." ECF No. 1, at 1. He appears to challenge the securitization of his mortgages and the foreclosure proceedings against his property. *Id.* at 5-13; *see* ECF No. 1-1, at 1 (asserting that the "mortgage[s] allegedly originated by [NFCU] were procured under fraudulent

---

[1] When citing ECF Nos. 1-2, 17, and 19, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

[2] The bankruptcy proceedings referred to Mr. McLellan's estate as "The Andrew Robert McLellan Living Estate Trust." *In re McLellan*, No. 2:24-CV-5686, 2025 WL 1550215, at *1 (E.D. Pa. May 30, 2025).

inducement, without full disclosure of [NFCU's] intent to securitize, monetize, or hypothecate the Estate Notes" (emphasis omitted)).    The complaint asserts eight "causes of action": (1) "Commercial and Constructive Fraud: NFCU misrepresented the 'Notes' as 'loans' while using it as a deposit to create credit and securities without disclosure"; (2) "Securitization Without Consent: Creation of [two mortgage-backed securities] without authorization"; (3) "Conversion and Misappropriation: Retention and monetization of Trust res . . . for third-party profit"; (4) "Failure to Settle: Dishonor of Multiple Estate Issued Certificated Instruments, constituting unjust enrichment and breach of fiduciary duty"; (5) "Fraudulent Civil Asset Forfeiture & Fraudulent Claim: Pursuit of civil asset forfeiture without" due process, substantiating evidence, or any "GAAP compliant accounting required by law and Fannie Mae"; (6) "Violation of Federal Banking Law: Unauthorized lending of credit and hypothecation of Estate property/assets"; (7) "Criminal Racketeering: Pattern of mail fraud, securities fraud, and deprivation of rights under color of law"; and (8) "Civil Asset Forfeiture without Due Process."  ECF No. 1, at 9-10.  The complaint also named Fannie Mae and the Treasury Department as "[n]on-[l]iable" "[r]espondent[s]." *Id.* at 2.

Mr. McLellan seeks, among other things, an "[i]mmediate halt to all foreclosure, lien enforcement, or asset seizure actions related to the Trust Property concluding Due Process and presentment of evidence," a "GAAP-compliant audit," "[r]escission of all contracts, notes, and/or instruments originating from fraudulent transactions to be returned and discharged to the US Treasury," monetary damages "[n]o less than [three times] the fraudulent claim amount ($2,200,000.00)," and referral to the U.S. Marshals Service and Inspector General for investigation. *Id.* at 12-13.

NFCU moved to dismiss the complaint in August 2025 for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and it also argued that Mr. McLellan cannot represent an estate pro se.  ECF No. 15; *see* ECF No. 15-1, at 3-6.  The following month, Fannie Mae moved to dismiss for failure to state a claim under Rule 12(b)(6).  ECF No. 19.  In November 2025, Mr. McLellan filed a motion for a preliminary injunction and stay against any enforcement actions, asset forfeiture proceedings, judicial sales, or claims by NFCU.  ECF No. 26.  Also in November 2025, the Treasury Department moved to dismiss under Rules 8, 12(b)(1), and 12(b)(6).  ECF No. 28.  The motions are fully briefed.  ECF Nos. 15, 17, 18 (NFCU's motion); ECF Nos. 19, 21, 24 (Fannie Mae's motion); ECF Nos. 28, 35, 38 (Treasury's motion); ECF Nos. 26, 29, 42 (Mr. McLellan's motion).

## II.   DISCUSSION

The court concludes that Mr. McLellan's complaint must be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8, but it will grant him leave to file an amended complaint.  Rule 8(a) requires that a complaint include: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  These rules ensure that defendants have "notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although filings by pro se litigants are held to less stringent standards than those drafted by lawyers, all litigants must follow the Federal Rules.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or sua sponte.  *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*,

4

355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules"). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413-14 (D.D.C. 2017) (alteration in original) (quoting *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015)), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

Mr. McLellan's complaint fails to meet Rule 8's minimal pleading standards. The complaint lists eight "causes of action," each consisting of one sentence or phrase describing the claim. *See* ECF No. 1, at 9-10. Only one cause of action—the first—identifies the relevant Defendant, and Mr. McLellan fails to identify the source of law for most of his claims. He also fails to adequately connect his factual allegations to his claims for relief. For example, his sixth cause of action alleges a "Violation of Federal Banking Law: Unauthorized lending of credit and hypothecation of Estate property/assets," *id.* at 10, but Mr. McLellan does not explain how NFCU—the presumed Defendant for this claim—violated the various federal laws cited in his complaint, *see id.* at 7-8. He similarly pleads no facts supporting his "Failure to Settle" claim, which vaguely asserts "unjust enrichment and breach of fiduciary duty" with no substantiating allegations. *Id.* at 9. Moreover, the complaint does not appear to raise *any* claims against Fannie Mae and the Treasury Department, whom Mr. McLellan names as "[n]on-[l]iable" "[r]espondent[s]." *Id.* at 2. These allegations fail to give Defendants notice of the claims against them. Courts have not hesitated to reject similarly deficient pleadings under Rule 8(a). *See, e.g.*, *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing

complaint for failing to explain "the cause of action under which [the plaintiff] sue[d], or any facts that could plausibly support a claim for relief").

Mr. McLellan has also failed to explain the basis for the court's jurisdiction.  As NFCU points out, the court lacks jurisdiction over any claims challenging the validity of the mortgages underlying the Pennsylvania court's foreclosure judgment under the *Rooker-Feldman* doctrine. *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see* ECF No. 15-1, at 3-6.  *Rooker-Feldman* prevents federal courts from exercising jurisdiction over final determinations made by state and local courts because such appellate jurisdiction lies solely with the Supreme Court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see* 28 U.S.C. § 1257.  The doctrine bars federal courts from considering claims that are "so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision.'"  *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting *Feldman*, 460 U.S. at 483-84 n.16). Courts in this district have frequently applied *Rooker-Feldman* to claims relating to state-court judicial foreclosure proceedings.  *See, e.g.*, *Sepeda v. HSBC*, No. 23-CV-3776, 2024 WL 474524, at *2 (D.D.C. Feb. 5, 2024); *Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 16-17 (D.D.C. 2017); *Toth v. Wells Fargo Bank, N.A.*, 82 F. Supp. 3d 373, 376-77 (D.D.C. 2015); *Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 99-101 (D.D.C. 2010).

While Mr. McLellan asserts that he is not attempting to relitigate any state-court proceeding, *see* ECF No. 17, at 9-13, several of his causes of action challenge the validity of the mortgages underlying the foreclosure judgment against his property.  For example, Mr. McLellan appears to challenge the enforceability of his mortgage notes, arguing that NFCU failed to disclose to him that it would convert the notes into mortgage-backed securities.  *See* ECF No. 1, at 9

(alleging in his first cause of action that "NFCU misrepresented the 'Notes' as 'loans' while using [them] as a deposit to create credit and securities without disclosure"); ECF No. 17, at 16 (alleging that his alleged "contracts"—the mortgage notes—with NFCU lacked the "essential elements" of "offer, acceptance, consideration, mutual assent, [and] legal intent[,] . . . rendering them void ab initio due to undisclosed securitization").  And his fifth and eighth causes of action allege "Fraudulent Civil Asset Forfeiture" and "Civil Asset Forfeiture without Due Process," respectively, appearing to challenge NFCU's foreclosure action.  ECF No. 1, at 9-10; *see* ECF No. 15-2.  These claims are "inextricably intertwined" with the Pennsylvania court's foreclosure judgment, *Feldman*, 460 U.S. at 486, because, under Pennsylvania law, foreclosure judgments are predicated on the validity of the mortgage being foreclosed upon, *see In re Calabria*, 418 B.R. 862, 866-67 (W.D. Pa. 2009) ("In Pennsylvania, actions in mortgage foreclosure are dependent on the existence of a valid mortgage.  Without a valid mortgage, there is simply nothing to foreclose upon.").  Here, the Court of Common Pleas entered a foreclosure judgment against Mr. McLellan, meaning that the court "necessarily determined that the note and mortgage were valid and enforceable because the court could not have otherwise entered judgment."  *Rauso v. Fein*, No. 13-CV-693, 2022 WL 17833271, at *4 (E.D. Pa. Dec. 21, 2022).  Yet for Mr. McLellan to prevail on his claims challenging the validity of the mortgages, the court would have to find that "no valid mortgage existed, which would negate the foreclosure judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009).  And negating the foreclosure judgment would effectively render the state-court judgment void or erroneous, which is precisely the type of action barred by *Rooker-Feldman*.  *See Exxon Mobil*, 544 U.S. at 284 (holding that the doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Likewise, any requests for injunctive relief concerning the underlying mortgages would be barred by *Rooker-Feldman*.  Mr. McLellan asks the court to order an "[i]mmediate halt to all foreclosure, lien enforcement, or asset seizure actions related to the Trust Property" and seeks "[r]escission of all contracts, notes, and/or instruments originating from fraudulent transactions." ECF No. 1, at 12; *see* ECF No. 26, at 7 (requesting a preliminary injunction enjoining NFCU from "enforcing, collecting, transferring, liquidating, or otherwise acting upon any claim, lien, security interest, or judgment arising from or relating to" his Pennsylvania property and other securities, and "[s]tay[ing] enforcement" of a Court of Common Pleas "order").  By granting such relief, however, the court would effectively be reviewing and reversing the Pennsylvania state court's foreclosure judgment by preventing its enforcement and rescinding the mortgage notes underlying the judgment. *See Phillipps v. Bank of N.Y. Mellon as Tr. for Bear Stearns Asset Backed Secs. Tr. 2002-2, Asset Backed Certificates, Series 2002-2*, No. 20-CV-968, 2021 WL 4192027, at \*6 (D.D.C. Sep. 15, 2021) (concluding that the *Rooker-Feldman* doctrine barred claims seeking to prevent the defendant from collecting on a foreclosure judgment); *In re Madera*, 586 F.3d at 232 (applying *Rooker-Feldman* where "a favorable decision for the [plaintiffs] in the federal courts would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage").

While the gravamen of Mr. McLellan's complaint is the validity of his mortgage notes, some of his causes of action, interpreted broadly, could be collateral to the mortgage notes' validity and thus may not be barred by the *Rooker-Feldman* doctrine.  For example, in his second cause of action, Mr. McLellan alleges that various mortgage-backed securities were "[c]reat[ed] . . . without authorization."  ECF No. 1, at 9; *see, e.g.*, *Hylton v. J.P. Morgan Chase*

*Bank, N.A.*, 338 F. Supp. 3d 263, 276 (S.D.N.Y. 2018) (concluding that the *Rooker-Feldman* doctrine did not bar claims for damages for fraudulent concealment of the fact that a mortgage note would be securitized).  However, because Mr. McLellan fails in his complaint to identify the basis of this court's jurisdiction and the source of law for his claims, the court cannot determine if it has jurisdiction or whether Mr. McLellan has stated a claim on which relief can be granted.

The court will accordingly dismiss Mr. McLellan's complaint without prejudice and permit him to file an amended complaint that complies with Rule 8 within thirty days.  *See Ciralsky*, 355 F.3d at 668-71.  In his amended complaint, Mr. McLellan must clearly state the basis for the court's jurisdiction, each cause of action and the legal basis for it, and the specific relief he seeks. He must also allege facts that connect his causes of action with his claims for relief.  And, as explained above, any claims challenging the validity of his mortgage notes or seeking to prevent the enforcement of the Pennsylvania court's foreclosure judgment will be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[3]

Finally, Mr. McLellan is advised that pro se litigants may not represent an estate or trust in federal court.  *See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"); *Fromm v. Duffy as Tr. of Gary Fromm Fam. Tr.*, No. 19-CV-1121,

---

[3] Throughout his filings, Mr. McLellan incorrectly asserts that Defendants' "fail[ure] to deny or directly answer" every statement in his complaint constitutes an admission of those allegations under Rule 8(b)(6). ECF No. 17, at 1; ECF No. 21, at 2; ECF No. 35, at 6.  But Rule 12(b) permits a defendant to file a dispositive motion before filing an answer admitting or denying the allegations in a complaint. Fed. R. Civ. P. 12(b). Mr. McLellan is advised that "if [a defendant] does again move to dismiss after he files an amended complaint, it would not have to file an answer admitting or denying the allegations unless and until the Court denied that motion." *Bell v. District of Columbia*, No. 23-CV-2036, 2024 WL 2846770, at *7 n.5 (D.D.C. June 5, 2024).  Additionally, "a defendant's failure to deny conclusions of law does not constitute an admission of those conclusions." 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1279 (4th ed. 2025).

2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020) (stating that 28 U.S.C. § 1654 precludes pro se plaintiffs from "appearing on behalf of another person or entity such as a corporation, partnership, or trust" unless the plaintiff is a licensed attorney); *Levi v. Brown & Williamson Tobacco Corp.*, 851 F. Supp. 2d 8, 9 n.1 (D.D.C. 2012) (concluding that a pro se party could not bring claims on behalf of his deceased mother's estate), *aff'd*, 528 F. App'x 4 (D.C. Cir. 2013) (per curiam); *Muthoka v. League of Nations*, No. 23-CV-2434, 2023 WL 6961780, at *2 (D.D.C. Oct. 19, 2023) ("[A]s an artificial entity, a trust cannot proceed in federal court without licensed counsel."), *aff'd*, No. 23-5300, 2024 WL 4442688 (D.C. Cir. Oct. 8, 2024) (per curiam).  Mr. McLellan purports to bring this action on behalf of the "Estate of Andrew Robert McLellan."  ECF No. 1, at 1; *see* ECF No. 17, at 1; *see also* ECF No. 1-2, at 66-70 (documents relating to Mr. McLellan's trust).[4]  While he asserts that he may proceed pro se because he is the sole beneficiary of the estate and the estate has no creditors, ECF No. 17, at 7-8, it appears that NFCU is a creditor of the estate, as evidenced by NFCU's foreclosure judgment, which is attached to Mr. McLellan's complaint, *see* ECF No. 1-2, at 73.  Indeed, Mr. McLellan's requested relief acknowledges that the estate has creditors, as he seeks an "[i]mmediate halt to all foreclosure, lien enforcement, or asset seizure actions related to the Trust Property."  ECF No. 1, at 12.  Accordingly, Mr. McLellan must obtain counsel before filing his amended complaint if he wishes to proceed in the estate's name.

---

[4]  The court in Mr. McLellan's bankruptcy proceeding referred to "The Andrew Robert McLellan Living Estate Trust."  ECF No. 15-2, at 1; *see supra* n.1.  While it is unclear whether that same trust is at issue here, Mr. McLellan is barred from proceeding pro se whether he is bringing this action on behalf of that trust or a different estate.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. McLellan's Complaint, ECF No. 1, is **DISMISSED** without prejudice, but Mr. McLellan is granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and this order on or before April 27, 2026.   It is further **ORDERED** that NFCU's Motion to Dismiss, ECF No. 15; Fannie Mae's Motion to Dismiss, ECF No. 19; the Treasury Department's Motion to Dismiss, ECF No. 28; and Mr. McLellan's Motion for Preliminary Injunction and Stay, ECF No. 26, are **DENIED** as moot.

   **SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date:   March 27, 2026

11